Lynn M. Allen, State Bar Number 012612
lallen@allenandlewis.com
Amanda J. Taylor, SBN 024006
ataylor@allenandlewis.com
**ALLEN & LEWIS, PLC**
3300 North Central Avenue, Suite 2500
Phoenix, Arizona 85012
Telephone: (602) 443-0402
Facsimile:  (602) 443-0403
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| OKLAND CONSTRUCTION COMPANY, INC., a Utah corporation AND EVEREST NATIONAL INSURANCE COMPANY, a Delaware corporation,<br><br>　　　　　　　　Plaintiffs,<br><br>　　vs.<br><br>TWIN CITY FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>　　　　　　　　Defendants. | No.<br><br>**COMPLAINT** |

For their complaint, Plaintiffs Okland Construction Company, Inc. ("Okland") and Everest National Insurance Company ("Everest") allege as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.　　This is a claim for declaratory judgment under 28 U.S.C. § 2201 *et seq.* arising from a commercial liability policy issued by Twin City Fire Insurance Company ("Twin City") to Top Flite Construction, Inc. ("Top Flite").

2.　　Upon information and belief, Okland is a Utah corporation with its principal place of business in Utah.

ALLEN & LEWIS, PLC

3. Everest is a Delaware corporation with its principal place of business in New Jersey.

4. Upon information and belief, Twin City is a Connecticut corporation with its principal place of business in Connecticut.

5. This court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 2201, and 2202, because a controversy between citizens of different states exists regarding respective rights and obligations under insurance policy issued to Top Flite and the amount in controversy exceeds $75,000.

6. Venue is proper under 28 U.S.C. § 1391, because the events giving rise to the action occurred in the District of Arizona.

7. An actual controversy exists between plaintiffs and defendant regarding coverage under the automobile policies.

8. Plaintiffs are parties whose rights, obligations, and legal relationships are affected by the automobile insurance policy, therefore, they are entitled to bring this declaratory judgment action pursuant to 28 U.S.C. § 2201 *et seq*.

## THE CLAIM

9. On October 24, 2008, Leslie Smith was injured when he fell into an elevator pit while working on a construction project in Yuma, Arizona.

10. Okland was the general contractor on the project.

11. Mr. Smith was employed by Top Flite, the elevator subcontractor.

ALLEN & LEWIS, PLC

12. Mr. Smith filed a lawsuit against Okland, alleging that Okland was negligent, and that Okland's negligence has cause his injuries (*Smith v. Okland Construction Co., Inc.*, Maricopa County Superior Court, CV2009-002783).

13. Okland Construction filed a notice of non-party at fault in the *Smith v. Okland* lawsuit, alleging that Top Flite was negligent in hiring, training, and supervising Mr. Smith.

## THE INSURANCE

14. The subcontract between Okland and Top Flite requires Top Flite to maintain specifically described insurance coverage, including in relevant part:

   c) The Contractor, Owner and all other parties required of the Contractor, shall be included as insureds on the CGL, using ISO Additional Insured Endorsement CG 20 10 (11 85) or CG 20 10 (10 93) **AND** CG 20 37 (10 01) or CG 20 33 (10 01) **AND** CG 20 37 (10 01) or an endorsement **providing equivalent coverage to the additional insureds.** This insurance **for the additional insureds** shall be as **broad as the coverage provided for the named insured subcontractor.** It shall apply as **Primary** and **non-contributing insurance before any other insurance or self-insurance.**

15. Twin City issued a commercial general liability policy to Top Flite, policy number 34 C QT0956, effective July 1, 2008 to July 1, 2009, with liability limits of $1,000,000 per occurrence (the "Policy").

16. Okland is an additional insured under the Policy.

## COUNT ONE

### (Declaratory Judgment)

17. Plaintiffs reallege paragraphs 1 through 16 as if fully set forth herein.

3

**ALLEN & LEWIS, PLC**

18. Pursuant to the Policy Twin City has a duty to defend and indemnify Okland with respect to the claims in the *Smith v. Okland* lawsuit.

19. Twin City has a duty to settle the claims asserted against Okland in the *Smith v. Okland* lawsuit.

20. Twin City has refused to defend and indemnify Okland in the *Smith v. Okland* lawsuit.

21. Twin City refuses to participate in mediation or otherwise participate in the settlement of the *Smith v. Okland* lawsuit.

22. Plaintiffs seek a declaration from this Court that Twin City has a duty to defend, indemnify and settle the claims against Okland in the *Smith v. Okland* lawsuit.

23. Because this action arises out of contract, Plaintiffs are entitled to an award of reasonable attorneys' fees pursuant to A.R.S. § 12-341.01.

**WHEREFORE**, Plaintiffs request the following relief:

A. A declaration that Twin City has a duty to defend, indemnify and settle the claims against Okland in the *Smith v. Okland* lawsuit.

B. An award of attorney's fees pursuant to A.R.S. § 12-341.01;

C. An award of taxable costs pursuant to A.R.S. § 12-341; and

D. Such other relief as the court deems just and proper.

/ / /

/ / /

/ / /

**ALLEN & LEWIS, PLC**

DATED this 11th day of May 2010.

                                ALLEN & LEWIS, PLC

                                By */s/Lynn M. Allen*
                                        Lynn M. Allen
                                        Amanda J. Taylor
                              Attorneys for Plaintiffs